Daniel, J.
The Court told the jury, that what took place between the parties, upon the offer of the plaintiff to return the bank note, caused the special contract to be done away with, and the plaintiff had the right to sue immediately on the count for a quantum valebat. It docs not seem to us, that the plaintiff had a right to sue before *376 the first of January following. The due bill for thirty dollars, although written in pencil, if legible, was good. The law does not require a note or bond to be written in ink: it is done generally, as the most convenient mode and the most likely to perpetuate the contract. Story on Bills, p. 33, 34, 53. The bank bill was to be taken back if the plaintiff did not like it, and the defendant was then to have time until the first of January following, to pay that sum also. The defendant, however, on the return of the bank bill, and the surrender to him of his ■note for thirty dollars, offered to give his note with surety for $40, payable the 1st of January following, and ten dollars in cash. This offer was rejected by the plaintiff. It seems to us, that the defendant tendered performance .of the contract on his part, and that the plaintiff, because he refused to accept the defendant’s note with surety for forty dollars, and the ten dollars in cash, had not a right immediately to sue on a quantum valebat. The defendant was entitled to time to pay the $50, until the first of January following, to-wit, 1845.
The judgment must be reversed, and a new trial granted.
Per Curiam. Judgment reversed and new trial.